IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**KAREN PATTON, et al.,**

    **Plaintiffs,**

v.                                                     **Civil Action No. 5:05-0655**

**WAL-MART STORES, INC.,**

    **Defendants.**

## ORDER

Pending before the court is plaintiffs' motion to remand (Docket No. 10). For the reasons detailed in this opinion, plaintiff's motion is denied. Plaintiffs originally filed this action in the Circuit Court of Greenbrier County, West Virginia, on July 1, 2005, and served their complaint and summons upon the defendants no earlier than July 15, 2005. Pursuant to the provisions of 28 U.S.C. § 1446, defendants filed a notice of removal to this court on August 15, 2005, which set forth in detail the basis for this court's jurisdiction. On August 29, 2005, plaintiffs filed the instant motion to remand. On September 9, 2005, defendants filed their memorandum in opposition to the motion to remand. As plaintiffs did not file a reply, this motion is ripe for adjudication.

The motion to remand at issue states simply that no federal issues are involved in the instant case, and that the requirements of diversity jurisdiction are not met. Accordingly, plaintiffs assert, no circumstances exist that would trigger

federal jurisdiction.  Specifically, plaintiffs note that defendants, in their motion to remand, do not set forth any good-faith basis upon which they believe the amount in controversy regarding either claim exceeds $75,000.00, exclusive of costs and interests.  Plaintiffs note that their complaint simply demands "a sum in excess of the minimum jurisdictional limits" of the court in which it was originally filed, which would be $100.00.  They state that plaintiffs' medical bills, as of August 29, 2005, are less than $5,000.00.  (See Docket No. 10 ¶ 10.)

In their response, defendants note that plaintiffs claim they have sustained serious injuries to their body and mind, and did and will incur pain and suffering, medical expenses, loss of enjoyment of life, and loss of earning capacity both presently and into the future from the actions discussed in their first claim.  (Docket No. 13 ¶ 2.)  Regarding their second claim, plaintiffs allege they have sustained, and will sustain, severe emotional distress, aggravation, inconvenience, annoyance, have lost the use of sums to which they are lawfully entitled, suffered damage to their credit reputation, and have incurred legal expenses.  (Id.)

Defendants note that plaintiffs' counsel has also advised them of the possibility Ms. Patton will have to undergo arthroscopic surgery in the near future.  (Id. ¶ 3.)  Defendants aver that the cost of such surgery, without complications, can

range between $10,000.00 and $20,000.00.  (Id.)  Even without such surgery, defendants indicate other surgeries are possible.  (Id.)  Defendants state that surgery, arthroscopic or otherwise, would significantly raise the alleged amount of plaintiffs' medical bills and claims for pain and suffering.  Defendants note that this potential treatment for plaintiffs' allegations of serious injuries can be used to prove plaintiffs' damages and in determining the amount in controversy.  (Id.)  Defendants' counsel also notes that plaintiffs have refused to stipulate that any potential recovery would be limited to $75,000.00.  (Id. ¶ 4.)  As such, defendants claim that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  (Id.)

    Federal district courts may exercise original jurisdiction over civil actions constituting a diversity of citizenship where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).  A defendant may remove a case from state court to federal court when the defendant can show by a preponderance of the evidence that the federal court has jurisdiction.  28 U.S.C. § 1441, known as the "removal statute," provides that a case filed in state court can be removed to federal court when it is shown by the defendant that the federal court has jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151

(4th Cir. 1994) (providing that defendant has the burden of proof to show jurisdiction of the federal court).

If a defendant chooses to remove an action from state court to federal district court, it must file a notice of removal containing a short and plain statement of grounds for removal within thirty days of the case becoming removable.  28 U.S.C. § 1446(a).  Defendants here did so.  Because removal raises federalism concerns, the court must carefully scrutinize the facts to ensure that removal is appropriate.  Mulcahey, 29 F.3d at 151 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)).  Defendant bears the burden of establishing that removal is appropriate.  Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D. W. Va. 1996).

In considering whether the jurisdictional amount is satisfied, the court looks to a variety of factors including:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate.  The possible damages recoverable may be shown by the amounts awarded in other similar cases.  Another factor for the court to consider would be expenses or losses incurred by plaintiff up to the date the notice of removal was filed.  The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal . . . .

McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 486 (S.D. W. Va. 2001).

4

In Campbell v. Restaurants First/Neighborhood Restaurants, Inc., the court, examining a case in which plaintiff had accrued $18,874.51 in medical bills as of defendant's attempt to remove, found the amount in controversy requirement was satisfied. 303 F. Supp. 2d 797, 799 (S.D. W. Va. 2004) (citing Moore v. St. Joseph's Hosp. of Buckhannon, Inc., 208 W. Va. 123, 125, 538 S.E.2d 714, 716 (2000), for the proposition that "where a verdict does not include elements of damages which are specifically proved in uncontroverted amounts and a substantial amount as compensation for injuries and the consequent pain and suffering, the verdict is inadequate and will be set aside.").

Here, plaintiffs' medical bills at the time of removal total less than $5,000. (Docket No. 10 ¶ 10.) However, defendants indicate that plaintiffs' counsel has advised them that there is a significant possibility that Karen Patton will have to undergo arthroscopic surgery in the near future. (Docket No. 13 ¶ 3.) Further, defendants indicate that plaintiffs have refused to stipulate that damages will not exceed $75,000.00 in exchange for defendants not contesting plaintiffs' motion to remand. (Id. ¶ 4.) Courts often consider such refusals a significant factor in denying motions to remand. See Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1997) (considering post-removal stipulation as basis for remand to state court).

5

Looking at the totality of the circumstances surrounding this case, the court finds that defendants have met their burden of showing by a preponderance of the evidence that this case meets the amount-in-controversy requirements associated with diversity jurisdiction. Even though plaintiffs' medical bills are currently only $5,000.00, counsel for plaintiffs has indicated to defendants that they will likely increase by a significant margin within the foreseeable future. This increase, when coupled with the requirement under West Virginia law that damages be awarded for pain and suffering where they are uncontraverted and plaintiffs' refusal to stipulate to a maximum verdict of less than $75,000.00, leads to the inescapable conclusion that there is a possibility of a verdict above that amount. As such, plaintiff's motion to remand is **DENIED**.

### Conclusion

Plaintiffs' motion to remand (Docket No. 10) is **DENIED**.

The Clerk is directed to mail copies of this Memorandum Opinion and Remand Order to counsel of record.

It is **SO ORDERED** this 26th day of September, 2005.

ENTER:

David A. Faber
Chief Judge